**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | Criminal Action No. 1:25-cr-00315-MLB-CCB |
| MAKALA RAGLIN AND BASHON COLLINS, | |
| DEFENDANTS | |

**Defendants Makala Raglin and Bashon Collins's**
**Motion to Dismiss the Indictment for Pre-Indictment Delay**

Defendants Makala Raglin and Bashon Collins respectfully move to dismiss the indictment because the government's years-long delay in obtaining an indictment violates their right to due process. Despite obtaining the bulk of the evidence the government relied upon in indicting Ms. Raglin and Mr. Collins in July 2020, the government waited until the last possible day, five years later, to indict them. During this multi-year delay, at least six key witnesses died, electronic evidence was lost, and the defendants were prejudiced in their ability to defend themselves. Because of the government's violations of their due process rights, the Court should dismiss the indictment.

1

**BACKGROUND**

Ms. Raglin and Bashon Collins were stopped by a Fayette County Sheriff's Deputy on July 21, 2020.[1] The deputy claimed that he pulled over the car that Ms. Raglin was driving for speeding. During the stop the deputy claims to have smelled marijuana and used this claim to support his warrantless search of the car.[2] During that search, the deputy stated that he found unopened mail from the Georgia Department of Labor addressed to various individuals at 4483 Flat Shoals Road. He also reported that he found several debit cards in names other than Ms. Raglin or Mr. Collins. During the search, he also claims to have found a small quantity of marijuana. He arrested Ms. Raglin and Mr. Collins for possession of marijuana.[3]

Among the debit cards and mail the officer claims were found in the car were:

- Debit card ending in 7217 in the name of R.B.
- Mail addressed to R.B.
- Debit card ending in 6421 in the name of J.K.
- Mail addressed to J.K.
- Debit card ending in 9164 in the name of J.C.
- Mail addressed to J.C.
- Debit card ending in 1905 in the name of K.B.
- Mail addressed to K.B.

---

[1] Ms. Raglin and Mr. Collins were in a relationship and are now married.
[2] The defendants are filing a motion to suppress the search of the car.
[3] There were also two firearms in the car that Ms. Raglin acknowledged were hers (she does not have a criminal record and she was legally able to possess firearms). The deputy nevertheless charged Mr. Collins with possession of a firearm by a convicted felon.

- Mail addressed to S.M.
- Mail addressed to R.K.
- Mail addressed to D.F.
- Mail addressed to N.J.
- Mail addressed to A.F.
- Mail addressed to S.D.

All of the substantive counts in the indictment relate to one of these individuals and the debit cards found during the search of the car. Several have passed away: R.B. on September 5, 2023; J.K. on July 25, 2022; J.C. on March 15, 2023; R.K. on July 27, 2025; and D.F. on July 26, 2022. *See* Ex. 1.

The Fayette County Sheriff's Office obtained search warrants for Ms. Raglin and Mr. Collins's iPhones the following day, August 22, 2020.[4] In Mr. Collins's text messages, officers claimed to find texts between him and his mother, K.C., related to the alleged fraud. Those texts appear to show K.C. directing the fraud. *See* Ex. 2. K.C. passed away on October 30, 2021.

Both Ms. Raglin and Mr. Collins were arrested by Fayette County and were held in jail from July 2020 to November 2020. They each had an attorney who represented them regarding the allegations. During this time, they declined to speak with law enforcement. *See* Ex. 3. The statute of limitations for the state charges ran on July 22, 2024, with no state indictment being returned.

---

[4] Ms. Raglin and Mr. Collins are filing motions to suppress the searches of their phones contemporaneously with this motion.

Fayette County officers contacted federal agents about this matter as early as July 22, 2020, and certainly no later than November 20, 2020. The United States Attorney's Office announced the creation of a "state-wide, interagency task force focused on combatting unemployment insurance (UI) benefit fraud in the wake of the COVID-19 pandemic" on November 24, 2020. Ex. 4. The United States Attorney's Office opened its grand jury file for this case in 2023 the same year it received funding for a dedicated Assistant United States Attorney to prosecute Covid relief fraud. *See* Ex. 5 at 3. That AUSA was assigned to this investigation.[5]

Respondents to several federal subpoenas informed the government that certain evidence was no longer available. For example, Truist informed the AUSA then assigned the case that ATM video was no longer available and that it did not have IP address information. *See* Ex. 6. Similarly, Verizon informed the case agent that "Call and Text Detail Records are only available for a rolling calendar year. . . . Individual texts are not billed so no Text Message details will appear on the bill copies." Ex. 7.[6] And Fresenius Medical Care told the case agent that "[w]ith respect to your inquiry about (1) unique network access numbers and/or characters associated with Ms. Raglin and

---

[5] That AUSA retired shortly before the case was indicted and a new AUSA was assigned the case.

[6] Verizon did provide some data related to texts that remained available for longer than a year.

(2) details of when Ms. Raglin accessed FMCNA's network and a list of internet protocol addresses captured at the time of login, given the passage of time, the Company does not have this information." Ex. 8.[7]

As a result of its investigation, the Fayette County Sheriff's Office identified multiple offenders/suspects other than the two defendants—K.C., T.E., T.L., L.M., A.M., T.C., S.C., R.W., D.T., and C.H. Ex. 9. None are included in the indictment.

Five years after the traffic stop, after at least six witnesses died and after electronic evidence was lost, a grand jury returned the indictment on Tuesday, July 8, 2025. The next available grand jury date was after the statute of limitations would have run for the counts charged in the indictment.

The federal agents working on this case knew that Ms. Raglin and Mr. Collins had been arrested by the FCSO and also knew that both had invoked their *Miranda* rights and declined to speak with the Sheriff's officers. Nevertheless, when Ms. Raglin and Mr. Collins were arrested on the federal indictment, agents sought *Miranda* waivers from both and ultimately interviewed Mr. Collins.[8] Ms. Raglin declined to waive her Constitutional

---

[7] Fresenius had previously provided some information to the Fayette County Sheriff's Office.
[8] Mr. Collins is challenging the admissibility of his statement.

rights. When attempting to interview Ms. Raglin, federal officers noted that the state case had been dismissed.

After waiting five years to charge Ms. Raglin and Mr. Collins, the federal government arrested them on these charges mere days after Ms. Raglin gave birth to their daughter. Now Ms. Raglin and Mr. Collins are facing this indictment over five years after the traffic stop with two young children and no family support in Atlanta.

**ARGUMENT**

## I.    Legal Framework

While the limit on pre-indictment delay is generally set by the statute of limitations, the Due Process Clause of the Fifth Amendment may bar an indictment even when it is brought within the limitation period. *See United States v. Lovasco*, 431 U.S. 783, 788–91 (1977); *United States v. Marion*, 404 U.S. 307, 324 (1971). For a due process bar to apply, "the defendant has the burden of showing: (1) that the delay caused actual prejudice to the conduct of his defense, and (2) that the delay was the product of deliberate action by the government designed to gain a tactical advantage." *United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir. 1986).[9]

---

[9] A similar delay post-indictment would be assessed under the Speedy Trial Act and the Sixth Amendment right to a speedy trial and the pretrial delay would factor into the Court's analysis.

Both prongs are present here.

## II.    Analysis

### A. The defendants were prejudiced in the conduct of their defense

Because of the government's over four-year, eleven-month delay in indicting this matter, multiple key witnesses are dead and important evidence is unavailable.

First, at least five of the individuals whose identities were allegedly used in the scheme are dead, including one who passed away in July 2025. That is half of the alleged victims. Because they are dead, it is impossible for the defendants to explore their history of claiming unemployment insurance benefits and who they authorized, if anyone, to use their information to file for benefits.

Similarly, K.C.'s death prejudice's Ms. Raglin and Mr. Collins's defense. The Fayette County Sheriff's Office identified K.C. as a suspect and therefore a potential defendant. It highlighted her text communications, which can be read as her directing the alleged criminal activity. Her death eliminates the defendants' ability to elicit testimony showing K.C.'s leadership role (as outlined in the Fayette County allegations), reducing or eliminating their own potential culpability.

As the Supreme Court stated, if "witnesses die or disappear during a delay, the prejudice is obvious." *Barker v. Wingo*, 407 U.S. 514, 532 (1972)

(discussing post-indictment delay); *see also United States v. Edwards*, 577 F.2d 883, 890 (5th Cir. 1978) ("The death of a material defense witness during an unexcused period of prosecutorial delay obviously may prejudicially affect a defendant's case.").[10] As the Eleventh Circuit has stated, "[s]uch prejudice [the ability to prepare a complete defense] may be demonstrated through the death or disappearance of a witness." *United States v. Machado*, 886 F.3d 1070, 1082 (11th Cir. 2018). Here, at least six key witnesses died during the government's delay.

Second, additional evidence is no longer available, including IP address information and ATM video. The defendants are unable to use IP address information prove that they were not the individuals who applied for the unemployment benefits that were allegedly obtained through fraud. That is, IP address information could show what computer actually submitted the applications and Ms. Raglin and Mr. Collins could show that it was not them but instead one of the ten other offenders and suspects identified by the Fayette County Sheriff's Office. Because that information is not available, the defendants are not able to use it in their defense.

---

[10] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Likewise, the missing ATM video would demonstrate that individuals other than Ms. Raglin and Mr. Collins used the allegedly fraudulent debit cards to obtain money.

Any one of these issues standing alone would demonstrate actual, material prejudice to the defense. Each of the issues suffices to meet the first element of test for whether there was a violation of Ms. Raglin and Mr. Collins's due process rights.

## B. The delay was the product of deliberate action by the government designed to gain a tactical advantage

As discussed above, both Ms. Raglin and Mr. Collins were arrested and held for several months by Fayette County related to these charges. In addition, they were informed by Fayette County that it had referred the case to federal law enforcement. Both Ms. Raglin and Mr. Collins had counsel representing them on this matter. Indeed, at her arrest for the federal indictment, Ms. Raglin asked that her attorney be contacted. Because they were represented on this matter, law enforcement could not seek to speak with them without their attorneys being present.

The state charges expired in 2024 when the DA did not obtain a state indictment within four years of the arrest. Apparently at that point, federal agents believed they could interview Ms. Raglin and Mr. Collins. We know this because the federal agents sought *Miranda* waivers from both Ms. Raglin

and Mr. Collins when they were arrested as a result of the federal indictment. And Mr. Collins actually spoke with agents at his arrest. Thus, what they could not do to further their investigation initially the agents were able to do (at least in their minds) because of the significant delay in bringing federal charges.

The multi-year delay in bringing federal charges appears to be part of an intentional plan to obtain statements from Ms. Raglin and Mr. Collins notwithstanding the fact that they were represented. The Fayette County detective specifically told a federal agent that both defendants "invoked" when he sought to interview them. He also acknowledged in a warrant application that he only obtained "limited verbal statements from Raglin and Collins." By delaying the federal indictment until after the state charges were dismissed because of the lapse of time, the federal agents were able to create a narrative that allowed them to yet again seek statements from the defendants (even though they knew they had previously invoked and were represented by counsel with respect to the alleged unemployment insurance fraud). This plan meets the second prong of the test for finding a violation of Ms. Raglin and Mr. Collins's due process rights. The indictment should be dismissed.

**CONCLUSION**

Because defendants Makala Raglin and Bashon Collins were materially prejudiced by the government's years-long delay in charging them and because that delay was the product of deliberate action by the government, the indictment should be dismissed as violation of their due process rights. The defendants request an evidentiary hearing to support their motion.

Respectfully submitted,

/s/CHRISTOPHER J. HUBER
CHRISTOPHER J. HUBER
THE HUBER LAW FIRM LLC
75 14th Street NE, Suite 2250
Atlanta, GA 30309
GA Bar # 545627
chuber@huberlawllc.com
(404) 465-3131

*Attorney for Makala Raglin*

/s/JOE AUSTIN
JOE AUSTIN
FEDERAL DEFENDER PROGRAM, INC.
Suite 1500, Centennial Tower
101 Marietta Street, NW
Atlanta, GA 30303
GA Bar # 176460
joe_austin@fd.org
(404) 688-7530

*Attorney for Bashon Collins*