# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

MAKALA RAGLIN AND
BASHON COLLINS,

DEFENDANTS

Criminal Action No.
1:25-cr-00315-MLB-CCB

**Defendants Makala Raglin and Bashon Collins's Joint Response to Government's Email Request that the Court Not Hold an Evidentiary Hearing on Defendants' Joint Motion to Dismiss the Indictment**

Defendants Makala Raglin and Bashon Collins respectfully request that the Court maintain the current plan and hold the evidentiary hearing on their motion to dismiss the indictment (Doc. 43) scheduled for April 30. The government asked, via an after-hours email on April 17 to the Courtroom Deputy, that the Court cancel that portion of the hearing and instead allow it to respond via briefing to the defendants' motion.[1]

At the pretrial conference on January 20, 2026, the Court discussed with the parties the appropriate sequencing to decide the defendants' motions. Initially, the Court considered addressing the motion to dismiss the

---

[1] In the government's email, it does not address the *Franks* hearing that defendants have requested. *See* Doc. 51. The defendants are anticipating that the *Franks* hearing will take place on April 30 as well.

indictment first, because granting it would dispose of the entire case. But recognizing the defendants' concerns regarding delay in the case already, the Court decided that addressing all of the motions concurrently was the best course forward. Now the government seeks to turn the Court's priorities on their head. Instead of addressing the motion to dismiss first, the government is seeking to push off consideration of that motion until some later date, including possibly requiring another evidentiary hearing after briefing by the parties. Not only would this proposal be inefficient, but it raises the distinct possibility of extending the delay in prosecution of the defendants even longer.

The government suggests that it only recently recognized what the hearing on defendants' motion to dismiss might entail, including testimony from a former AUSA. But the motion itself directly identified that former AUSA as relevant to the issues in the motion. Doc. 43 at 4.[2] Even if the government did not recognize at the pretrial hearing that her testimony would be relevant to the motion, it had three months to analyze the defendants' motion to come to that realization. Instead of addressing its concerns with the Court (or defense counsel) during these three months, the

---

[2] The motion did not identify the AUSA by name, but the description provided in the motion is specific enough that her identity should be apparent to the government.

government waited until just over two weeks before the hearing to raise the issues. The former AUSA has already accepted service of the defendants' subpoena and is available to testify at the hearing set for April 30.

Although the defendants believe that the *Touhy* regulations violate their Constitutional rights to mount a defense, they nonetheless provided the government with a *Touhy* notice related to the former AUSA on April 9, three weeks before the hearing (and eight days before the government raised its objection to the evidentiary hearing through email).[3] On April 14, The defendants also requested that the government produce communications among the federal agents involved in this investigation and the U.S. Attorney's Office. The government has not engaged with defense counsel with respect to either of these topics; the first response to either from the government is its email to the Courtroom Deputy.

The government claims that the defendants are not entitled to the communications they requested under Rule 16(a)(2). But this ignores other requirements for production, including *Brady*. And it presupposes that the government has reviewed the requested documents to determine that they are not required to be produced pursuant to Rule 16(a)(1). There is reason to

---

[3] Ironically, it is only because of defendants' *Touhy* notice that the government is specifically aware that the former AUSA was subpoenaed as an anticipated witness for the defendants.

doubt that this review has occurred. As an initial matter, at least one United States Secret Service special agent was involved in the investigation as early as July 2020, but it does not appear that any information from the USSS has been produced in discovery (other than documents from the Fayette County Sheriff's department that show the agent's involvement in the federal investigation). In addition, communications between U.S. Department of Labor-Office of Inspector General agents and the Fayette County Sheriff's department were not produced until they were specifically requested by defendants. And even then, the initial production of the communications failed to include communications between the federal agents and Fayette County in 2020. These communications are directly relevant to the defendants' motion to dismiss because they demonstrate that no later than July 2020, federal agents were intimately involved in the investigation.

To be clear, communications between federal agents and AUSAs are frequently produced in criminal proceedings. Indeed, agents are trained to keep their electronic communications with AUSAs limited because of the significant likelihood that the communications will be produced to defendants. Similarly, current AUSAs are not infrequently called upon to testify and the Court is able to address valid claims of privilege if appropriately raised. A claim that a request for such communications or the testimony of a former AUSA means that the Court should cancel a hearing

flies in the face of the U.S. Attorney's Office historical practice and the realities of criminal prosecutions.

The defendants presented specific claims of prejudice and deliberate government action in their motion. *See* Doc. 43. They included evidence in the form of exhibits to support these specific claims. *See* Doc. 43, Exs. 1-8. These specific claims and related evidence entitle the defendants to an evidentiary hearing on the motion. *Cf. United States v. Farias*, 836 F.3d 1315, 1325 (11th Cir. 2016).

## CONCLUSION

The Court has scheduled an evidentiary hearing on the defendants' motion to dismiss the indictment, a decision that was made three months ago. Just over two weeks before that hearing, the government now objects because it has concerns regarding the defendants' witnesses at that hearing. But this is not a reason to cancel the hearing. The defendants are entitled to an evidentiary hearing on their motion and the Court should deny the government's request and go forward with the scheduled hearing.

Respectfully submitted,

/s/CHRISTOPHER J. HUBER
CHRISTOPHER J. HUBER
THE HUBER LAW FIRM LLC
75 14th Street NE, Suite 2250
Atlanta, GA 30309
GA Bar # 545627
chuber@huberlawllc.com
(404) 465-3131

*Attorney for Makala Raglin*

/s/JOE AUSTIN
JOE AUSTIN
FEDERAL DEFENDER PROGRAM, INC.
Suite 1500, Centennial Tower
101 Marietta Street, NW
Atlanta, GA 30303
GA Bar # 176460
joe_austin@fd.org
(404) 688-7530

*Attorney for Bashon Collins*