IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

MAKALA RAGLIN
BASHON COLLINS

CRIMINAL ACTION NO.
1:25-cr-00315-MLB-CCB

**Government's Supplemental Brief in Opposition of Defendants' Motion to Dismiss Indictment**

The United States of America, by Theodore S. Hertzberg, United States Attorney for the Northern District of Georgia, and C. Brock Brockington, Assistant United States Attorney, files this response opposing Defendants' request for an evidentiary hearing in support of their motion to dismiss the Indictment.

This Court should deny Defendants' request for an evidentiary hearing; when looking at the evidence in the light most favorable to Defendants, there is nothing in their motion that supports either prong of the pre-indictment delay analysis. While the Government does not necessarily concede the facts as presented in the motion, assuming they are true, Defendants cannot prevail. As such, there is no need for this Court to hear evidence – a ruling on briefs alone is appropriate.

**Procedural Posture**

On January 16, 2026, Defendants filed a motion to dismiss the indictment for pre-indictment delay. (Doc. 43). Defendants later amended this motion on March 18, 2026, to add a footnote concerning a foreign circuit's authority that is not binding on this Court. (Doc. 56). On January 20, 2026, this Court held a pre-trial conference during which a briefing cycle was scheduled, as was an evidentiary

hearing.  (Doc. 49).  During that conference, it was originally determined that the evidentiary hearing would cover three of Defendants' pre-trial motions, including the motion to dismiss indictment. (Id.).

On April 17, 2026, the undersigned sent an e-mail to the Courtroom Deputy requesting the opportunity to file a response in opposition to the motion to dismiss indictment.  The Government's intention was to contend that, among other things, an evidentiary hearing was not necessary for the Court to issue a ruling on the pending motion to dismiss the indictment.  On April 20, 2026, Defendants filed a joint response to the e-mail, (doc. 74), and the Court scheduled a status conference for April 22, 2026, to discuss the issues.  (Doc. 75).

During the status conference, the Court provided a recap of the January pretrial conference.  Then, the Government made a presentation regarding the motion to dismiss and why no hearing was necessary; specifically, it referenced both the legal reasons why Defendants did not establish a need for a hearing and also raised several thorny issues should defense counsel proceed with a hearing accusing federal agents and prosecutors of taking deliberate action to gain a tactical advantage.  The Government then discussed a discovery issue concerning a request by Defendants for certain e-mails that the Government was not obligated to produce.  Defendants responded to the Government's presentation, and throughout the status conference, the court asked several questions.  The conference concluded with the Court inviting the parties to provide supplemental briefing on the issue of whether an evidentiary hearing on the motion to dismiss indictment was necessary.

**Discussion**

In this section, the Government will endeavor to answer the questions posed by the Court during the status conference.  Before addressing the inquiries head on, a review of the pre-indictment delay analysis is in order.  To prove a due process violation resulting from pre-indictment delay, a defendant must show: (1) actual prejudice to his defense from the delay; and (2) that the delay resulted from a deliberate design by the government to gain a tactical advantage. United States v. Thomas, 62 F.3d 1332, 1339 (11th Cir. 1995). The burden is on the defendant to prove these elements. See id.

   "A stringent standard is employed when examining the issue of prejudice." United States v. LeQuire, 943 F.2d 1554, 1560 (11th Cir. 1991). "[A]ctual prejudice and not merely the real possibility of prejudice inherent in any extended delay, must be demonstrated." Stoner, 751 F.2d at 1544 (citations omitted). "Speculative allegations, such as general allegation of loss of witnesses and failure of memories, are insufficient to demonstrate the actual prejudice required." United States v. Butler, 792 F.2d 1528, 1533 (11th Cir. 1986) (citing United States v. Radue, 707 F.2d 493, 495 (11th Cir.)).  For due process to warrant dismissal of the indictment, the delay must have resulted in actual "substantial" prejudice to the defendant. See United States v. Foxman, 87 F.3d 1220, 1221 (11th Cir. 1996). Defendant's vague, generalized allegations are therefore insufficient to meet his burden of showing actual prejudice.

   "[S]ubstantial prejudice from delay, standing alone, does not violate due process." Foxman, 87 F.3d at 1223.  Rather, the delay must also be the product of a deliberate act by the government designed to gain a tactical advantage. Id.  Mere

3

government inaction "cannot establish that the government's actions were motivated by an attempt to gain a tactical advantage." United States v. Barragan, 752 F. App'x 799, 801 (11th Cir. 2018). Indeed, "the motivations behind the delay must violate fundamental conceptions of justice, or a sense of fair play or decency." United States v. Wetherald, 636 F.3d 1315, 1324 (11th Cir. 2011) (citations and quotations omitted).

Here, Defendants claims of prejudice are rooted in the death of potential witnesses, and the unavailability of electronic evidence. These are the sort of speculative allegations that the Eleventh Circuit considers insufficient to demonstrate actual prejudice. Defendants cannot point to any specific testimony that these witnesses could give that would be exculpatory. See United States v. Williams, 2012 U.S. Dist. LEXIS 164457, at *10 (N.D. Ga. Nov. 16, 2012).

As for the second prong, Defendants claim that by delaying the federal indictment until after the state charges were time-barred, the federal agents were able to create a narrative that allowed them to interview defendants despite their previous invocation. But it is impossible for Defendants to establish that the Government's actions were motivated by an attempt to gain a tactical advantage, as no tactical advantage arose here. Defendants' prior invocation of their right to counsel for their state unemployment insurance charges did not attach to the federal wire fraud offenses that were to be the subject of the interview by federal agents. See United States v. Burgest, 519 F.3d 1307, 1310-11 (11th Cir. 2008).

The responses to the Court's inquiries posed during the status conference further cement the position that an evidentiary hearing on Defendants' motion to dismiss indictment is unnecessary.

4

1.  **Is there any evidence that the federal agents intentionally delayed bringing federal charges?**

Looking at the evidence in the light most favorable to Defendants, there is nothing in their motion to dismiss the indictment that suggests the federal agents engaged in dilatory tactics to gain a tactical advantage.  In the motion and at the status conference, Defendants suggested that an e-mail between Department of Labor Special Agent Ryan Durand, the case agent on the federal investigation, and Fayette County Sheriff's Office Sergeant David Tortorello, the lead investigator on the state investigation, was evidence of indicative of a motive to delay.  "The Fayette County detective specifically told a federal agent that both defendants 'invoked' when he sought to interview them." (Doc. 56 at 11).  Defendants are correct that Sgt. Tortorello relayed to Agent Durand that Defendants invoked originally; but this communication was in an e-mail that was sent on June 24, 2025, two weeks before the case was indicted.  (Doc. 56-3).  The date of this e-mail belies the notion that Agent Durand learned of Defendants' invocation with state authorities, and then purposely decided to wait until the state case was time-barred.

2.  **Is there any evidence that the former Assistant United States Attorney assigned to the case intentionally delayed seeking federal charges?**

Again, looking at the evidence in the light most favorable to Defendants, there is nothing in the motion to dismiss the indictment to suggest that the U.S. Attorney's Office sought a tactical advantage.  Defendants did not set forth any allegations in their motion that would support a finding that a former federal prosecutor assigned to the case deliberately delayed charging it in order to gain a

tactical advantage.  When asked this question during the status conference, Defendants referenced DOJ priorities set forth in a press release, (see docs. 56-4 and 56-5), before claiming that the case could have been brought earlier.  Without more, the simple fact that a case could have been indicted sooner will not suffice.  "With regard to the second requirement, government inaction 'standing alone' cannot establish that the government's actions were motivated by an attempt to gain a tactical advantage.  Barragan, 752 F. App'x at 801 (citing United States v. Butler, 792 F.2d 1528, 1534 (11th Cir. 1986)).

### 3.  How could the requested e-mails be Brady?

Defendants requested e-mails between federal prosecutors and federal agents that fall squarely in the Rule 16's information not subject to disclosure.  See Fed. R. Crim. P. 16(a)(2).  There is nothing about the requested e-mails or their contents that would qualify as exculpatory as contemplated by Brady; therefore, there is no obligation to produce them.

### 4.  What do the Defendants have to show to get an evidentiary hearing?

To be entitled to a hearing, Defendants must make a showing that the pre-indictment delay was the product of a deliberate design by the government to gain a tactical advantage over them.  See United States v. Farias, 836 F.3d 1315, 1325 (11th Cir. 2016).  In Farias, the Eleventh Circuit determined that the defendant "was not entitled to an evidentiary hearing on his due-process claim because he failed to set forth any specific allegations in support of it."  Id.

Here, Defendants sought to satisfy this requirement with their claim that the Government's delay was part of a master plan to obtain their statements despite the

fact that they were represented.  (Doc. 56 at 11).  But this claim has a fatal flaw – the interview of Defendants by federal agents at the execution of arrest warrants on the instant indictment was not improper.  See Burgest, 519 F.3d at 1310-11. Therefore, it cannot be said that the Government gained a tactical advantage through delay – because of the dual sovereigns, agents could have interviewed Defendants much sooner, had they so desired.  If the Government did not gain a tactical advantage, then the delay was not improper.  See United States v. Lovasco, 431 U.S. 783, 796 (1977) (distinguishing delay undertaken by government "solely to gain tactical advantage over the accused" normal investigative delay). "[T]o prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." Id.  Because Defendants have failed to identify any specific evidence – testimonial or otherwise – that they can present to establish (1) actual substantial prejudice due to pre-indictment delay or (2) that the Government's delay was a deliberate act to gain a tactical advantage over them, an evidentiary hearing is not appropriate here.  See, e.g., United States v. Holland, 2018 WL 8838858 at *10 (N.D. Ga. July 27, 2018).

5. **Does the prejudice have to flow from the delay (subjective), or can the two prongs of pre-indictment delay be separate (objective)?**

Defendants cannot prevail by establishing the two prongs of pre-indictment delay – actual prejudice and tactical advantage – in isolation.  This argument was rejected by the Eleventh Circuit in United States v. Barragan.  Barragan claimed that the lower court misapplied the legal standard in denying her motion to dismiss the indictment for pre-indictment delay.  752 F. App'x at 800.  Rather than a

requirement that Barragan "show both that the government's delay caused her actual prejudice and that the government used the delay to obtain a tactical advantage," she argued that "the district court should have instead balanced the government's justification for delaying her prosecution against any prejudice that she suffered as a result." Id. The appellate court[1] rejected the defendant's proposed analysis, that would balance the two prongs, rather than review them together. Id. at 801 ("[G]overnment inaction 'standing alone' cannot establish that the government's actions were motivated by an attempt to gain a tactical advantage.").

**[CONTINUED ON NEXT PAGE]**

---

[1] This Court has also addressed this inquiry.

However, he has not satisfied his burden of demonstrating that "the government deliberately sought a tactical advantage by delaying the indictment," but instead has simply shown, at most, that "the delay — combined with [some] prejudice to him . . . gave the government a tactical advantage"; however, "simply gaining a tactical advantage is not enough." Jones, 592 F. App'x at 922 (citation omitted). Indeed, **even if Kirkman's "assertion that the delay has given the [g]overnment a tactical advantage" is true, it "does not satisfy [his] duty to show that the [g]overnment deliberately delayed the indictment to gain a tactical advantage."** United States v. Rivera, No. CR209-14, 2009 U.S. Dist. LEXIS 67703, 2009 WL 2390847, at *2 (S.D. Ga. July 9, 2009).

United States v. Kirkman, 2024 U.S. Dist. LEXIS 228496, *106-07 (N.D. Ga. May 29, 2024) (emphasis added).

## Conclusion

Defendants have not set forth any specific allegations in support of their due-process claim; accordingly, they are not entitled to an evidentiary hearing.  The Government is amenable to oral argument on the issue, but the production of controversial e-mails and the examination on the record of current and former federal employees is inappropriate here.  An evidentiary hearing on the subject of pre-indictment delay would serve only as a speculative fishing expedition into the sensitive internal deliberations of prosecutors and agents.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*

*/s/ Brock Brockington*
C. BROCK BROCKINGTON
*Assistant United States Attorney*
Georgia Bar No. 775084

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, Georgia 30303
(404) 581-6000
(404) 581-6181 - FAX

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I certify that this document was prepared using Times New Roman 14-point font, and that I have caused a copy of the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which automatically notified the parties and counsel of record.

May 13, 2026.

*<u>/s/ Brock Brockington</u>*
*Assistant United States Attorney*